**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COUNTY OF MONTGOMERY,**<br>Plaintiff,<br>*v.*<br>**DRC EMERGENCY SERVICES LLC, et al.,**<br>Defendants. | **CIVIL ACTION**<br>**NO. 26-3945-KSM** |

# MEMORANDUM

**Marston, J.** **October 20, 2026**

On September 1, 2021, Hurricane Ida ripped through Montgomery County, Pennsylvania and caused widespread flooding and destruction. Now, more than six years later, its effects are still being felt; though today it is merely on a procedural level, not a tangible one. On February 27, 2026, Plaintiff County of Montgomery filed suit in the Montgomery County Court of Common Pleas against two of the companies it hired back in 2021 to assist in cleaning up Hurricane Ida debris: Defendants DRC Emergency Services LLC and DebrisTech. (Doc. No. 1-1 at 1.) The County alleges that the companies did not perform their contractual obligations, leading to the Federal Emergency Management Agency ("FEMA") denying some of the County's requests for reimbursement. (*See generally id.*) On June 9, 2026, DRC removed the case to this Court. (Doc. No. 1.) The County now moves to remand, and Defendants oppose. (Doc. Nos. 15, 19–20, 22–23.) The questions before the Court are whether (1) DebrisTech contractually waived its right to remove through a forum selection clause and (2) if so, does that waiver limit DRC's right to remove? As discussed below, the Court finds both answers to be yes; so, we will grant the County's motion and remand this action.

# I. BACKGROUND

## A. Relevant Factual History

On December 5, 2019, the County entered into a debris removal service contract with DRC on a standby basis. (Doc. No. 1-1 at 37.) Shortly after Hurricane Ida hit, on September 5, 2021, the County entered into a contract with DebrisTech "to oversee debris management activities" (*id.* at 41), and also activated DRC's contract (*see id.* at 37, 143). Between September 5, 2021, and February 5, 2022, DRC and DebrisTech worked together to collect and document storm debris. (*Id.* at 27.) The County alleges that it paid Defendants more than $14,028,597.82 for their debris removal and monitoring services but, due to Defendants' failure to perform services as specified in their respective contracts, FEMA reimbursed only half of the costs. (*Id.* at 7.) According to the County, "DRC and DebrisTech overcut trees, mismanaged their respective oversight responsibilities, and failed to document their work in a manner that complied with FEMA's regulations governing disaster debris operations." (*Id.* at 13.)

As relevant to the instant motion, the contracts that gave rise to the County's relationship with these two companies contain different dispute resolution mechanisms, and, more specifically, two distinct forum selection clauses. (*See generally id.* at 61–164 (copies of both contracts attached to the County's Complaint as Exhibits 1 & 2).) Section 32 of the County's contract with DRC, the "Applicable Law" section, states:

> This Contract shall be governed by and interpreted and enforced in accordance with the laws of the Commonwealth of Pennsylvania (without regard to any conflict of laws provisions) and the decisions of the Pennsylvania courts. **[DRC] consents to the jurisdiction of the Court of Common Pleas of the County of Montgomery, Pennsylvania and the United States District Court for the Eastern District of Pennsylvania, waiving any claim or defense that such forum is not convenient or proper.** [DRC] agrees that any such court shall have in personam jurisdiction over it, and consents to service of process in any manner authorized by Pennsylvania law.

(Doc. No. 1-1 at 78 (emphasis added).) By contrast, Paragraph 10 of the County's contract with DebrisTech, the Dispute Resolution paragraph, states:

> (a) Should any dispute between the Parties arise under this Agreement ("Dispute"), written notice of such Dispute shall be delivered from one party to the other and thereafter, the parties, through their appointed representatives or designees (each an "Authorized Representative"), shall first meet and attempt to resolve the Dispute in face-to-face negotiations. This meeting shall occur within thirty (30) days of the date on which a written notice of such Dispute is received from the complaining party.
>
> (b) If no resolution is reached through the informal process set forth in Section 10(a) above, at the direction of either party's Authorized Representative, the parties shall engage in non-binding mediation for a period of no less than sixty (60) days (or such longer period as may be mutually agreed by the parties) (the "Mediation Period"). The mediation shall be conducted in Norristown, Pennsylvania by a single mediator mutually selected by the parties. The parties shall share equally in the fees of the mediator. If the Dispute remains unresolved following the Mediation Period, either party may seek any remedy at law or in equity that may be available. **Any disputes shall be brought to the Court of Common Pleas in Montgomery County, Pennsylvania**.

(*Id.* at 145–146 (emphasis added).) And, the DebrisTech contract also contains a choice of law provision, in Paragraph 22(a), which states that "This Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania, without reference to principles of conflict of laws." (*Id.* at 148.)

### B. Procedural History

On May 27, 2026, the County brought the instant action in the Montgomery County Court of Common Pleas. (*Id.* at 59.) On June 9, 2026, counsel for DebrisTech signed an affidavit consenting to DRC's Notice of Removal of this action to this Court (Doc. No. 1-3), and DRC did in fact remove this action here the same day citing diversity of citizenship under 28 U.S.C. § 1441 (Doc. No. 1). After the Court scheduled an initial pretrial conference for June 25, 2026 (Doc. No. 8), the parties entered into a stipulation setting a briefing schedule for the

County's forthcoming motion to remand and continuing the initial pretrial conference until after the Court ruled on the motion (Doc. No. 9). On July 9, 2026, the County moved to remand. (Doc. No. 15.) On July 23, 2026, DRC opposed the motion and DebrisTech joined that opposition. (Doc. Nos. 19, 20.) On July 30, 2026, the County replied and on August 6, 2026, DRC sur-replied. (Doc. Nos. 22, 23.) The Court then held oral argument on September 2, 2026. (Doc. Nos. 28, 29.) And shortly after oral argument, both parties submitted letters to the Court regarding the County's request for fees, which was filed as part of its motion for remand.[1] (Doc. Nos. 26, 27.) As the matter is fully briefed and argued, it is ripe for resolution

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). "[T]he burden is on the removing party to establish federal jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citation omitted). "The removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* (internal quotation marks and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[1] The County had requested fees and costs incurred as a result of the removal here. (*See* Doc. No. 15 at 9.) But after the Court at oral argument questioned whether such a request was proper in light of the Third Circuit's holding in *Med. Assocs. of Erie v. Zaycosky*, (*see* 9/2/26 Hr'g Tr. 11:16–12:07, 27:01–22), the County "withdr[e]w[] its request for fees and costs under § 1447(c)" (Doc. No. 26). 77 F.4th 159, 163–64 (3d Cir. 2023) ("[A]n enforceable forum-selection clause is not a removal defect. . . . [So, a] District Court [cannot] award fees under § 1447(c) based on a defective removal.").

## III. DISCUSSION

The County argues for remand because Defendant DRC failed to comply with the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A). (*See* Doc. No. 15 at 7); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). The County claims that the language within Paragraph 10(b) of the DebrisTech agreement is a valid forum selection clause which precludes DebrisTech not only from bringing a lawsuit in federal court, but also from consenting to the removal of a co-defendant, here, DRC. (Doc. No. 1-1 at 146; Doc. No. 15 at 7–11.) DRC makes two counterarguments. ***First***, the language at issue in DebrisTech's contract does not evince sufficient intent to litigate *only* in the Court of Common Pleas. (Doc. No. 19 at 7–13.) ***Second***, even if DebrisTech's contract is a valid and mandatory forum selection clause, DRC has a statutory right to remove that cannot be overridden by another Defendant's contractual obligations. (*Id.* at 13–19.) DebrisTech has joined its co-Defendant's arguments. (Doc. No. 20.) As we agree with the County and disagree with Defendants, we address each of Defendants' arguments in turn below.

### A. <u>The Language of DebrisTech's Contract with the County</u>

The Court finds that the language at issue in Paragraph 10(b) is a mandatory forum selection clause that requires the County and DebrisTech to litigate in the Montgomery County Court of Common Pleas. This finding necessarily limits DebrisTech's ability to remove the action. As a threshold matter, there does not appear to be a meaningful dispute that Paragraph 10(b) contains an enforceable forum selection clause. (*See* Doc. No. 15 at 7–8; Doc. No. 19 at 8–13 (analyzing Paragraph 10(b)'s language under the Third Circuit's forum selection clause precedents).) And the parties agree that, here in the Third Circuit, courts "determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable,

interpretation as it employs in resolving all preliminary contractual questions." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011) (quoting and reemphasizing the contractual interpretation discussion in *Foster*); *cf. EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) (analyzing a forum selection clause under a heightened "clear and unequivocal" standard).

The inquiry here involves looking "to the plain and ordinary meaning of the forum selection clause to determine whether it amounted to a waiver of the right to remove." *Merrill Lynch*, 640 F.3d at 548 (cleaned up). When considering plain and ordinary meaning "[t]he Court first looks to the text of the contract to determine whether it unambiguously states the parties' intentions." *Hagen v. John Doe Co.*, No. 16cv5050, 2018 WL 1141362, at *2 (D.N.J. Mar. 2, 2018) (cleaned up). "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997).[2] And a district court may still find such a waiver even if the forum selection lacks an explicit waiver of removal. *See Foster*, 933 F.2d at 1216–17 (finding that by contracting to "submit" to "any court" of competent jurisdiction "at the request of" another party, the party agreed to go to, and stay in, the counterparty's choice of forum). But "[c]ourts should not distort the meaning of the language or strain to find an ambiguity." *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011).

---

[2] At oral argument, DebrisTech advocated that if there is any ambiguity in the contract it should be held against the drafter, the County. (*See* 9/2/26 Hr'g Tr. at 23:10–16, 24:06–08, 25:3–5.) But, as the County countered, the DebrisTech contract explicitly disclaims that its construction should be held against either the County or DebrisTech (*id.* at 25:21–26:07). So, even if it were the case that the County did draft the DebrisTech contract, we would decline to construe the contract against either party. Instead, as we find that the contract language is unambiguous, we apply ordinary contract construction principles to discern its meaning—as the Third Circuit has instructed. *See Merrill Lynch*, 640 F.3d at 548.

The relevant language at issue here is "[a]ny disputes shall be brought to the Court of Common Pleas in Montgomery County, Pennsylvania." Neither the Court's independent research nor the parties have identified a prior action from this or other circuits where courts have analyzed this exact language in this exact context, so we will reason by analogy. The County argues that the language here implicitly limits removal because it contains the mandatory word "shall" and points only to a single forum: The Montgomery County Court of Common Pleas. (Doc. No. 15 at 7–8; Doc. No. 22 at 3–4 (collecting cases).) DRC makes three specific arguments against that finding, but none convinces.

***First***, it claims the plain text of Paragraph 10(b) "lacks any exclusivity language" such as, "sole," "exclusive," "only" or "waives the right to remove," which would indicate an intent to waive removal. (Doc. No. 19 at 9 (cleaned up).) Putting aside that the specific language DRC asks for is not necessary, *see Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85–86 (3d Cir. 2006), the plain and ordinary meaning of the phrase "shall be brought to" clearly evinces an intent to litigate this action in the Court of Common Pleas. Other decisions in this Circuit regarding similar language are in accord. *See Frosty Valley Country Club Inc. v. Integrity Golf Co., LLC*, No. 17cv2138, 2018 WL 3141717, at * (M.D. Pa. June 27, 2018) (finding waiver where clause stated the suit "shall always be lodged in" state court); *Atl. Building & Restoration LLC, v. Francis Borowsky, Jr.*, No. 26cv554, 2026 WL 2983102, at*1–2 (D. Del. Oct. 5, 2026) (finding clause that required "any action brought" relating to a contract "shall be in Sussex County" waived right to remove); *Mato v. Window World, Inc.*, No. 10cv7617, 2011 WL 710473 (E.D. Pa. Feb. 28, 2011) (finding in the motion to transfer context that the use of "shall" supports a mandatory forum selection clause); *see also Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (finding that the "only plausible construction" of

the phrase "shall be commenced . . . in the Supreme Court of the State of New York, County of New York" waives the right to removal).

And our interpretation is further supported by the Third Circuit's opinion in *PGT Trucking, Inc. v. Lyman*, which contains the closest language the Court has found to the instant dispute. 500 F. App'x 202 (3d Cir. 2012). In *Lyman*, the Third Circuit found there was "no other conclusion" besides waiver of removal where the clause stated that Pennsylvania law governed and legal actions "shall be brought only in the Common Pleas Court of Beaver County, PA." *Id.* at 204. Similarly here, Paragraph 22(a) of the DebrisTech contract mandates Pennsylvania law, and Paragraph 10(b) includes mandatory "shall" language. (Doc. No. 1-1 at 146–48.) At oral argument, DRC claimed the inclusion of "only" in *Lyman* distinguishes that clause from the instant one. (9/2/26 Hr'g Tr. at 26:14–22 ("So that 'only' language is the trigger of the exclusivity language that we have been arguing about that is not in section 10(b).").) But we do not see how. The word "only" is merely a focusing adverb that emphasizes the chosen forum the dispute is "brought to"; it does not act as a trigger for the exclusivity. Nor is it clear how "brought to" and "brought only in" are sufficiently distinct that one would waive removal and one would not.[3] In sum, Defendants' argument asks this Court to find, by negative inference, that "shall be brought to" is not as mandatory as other clauses that courts in this

[3] At oral argument, DRC also attempted to muddy the waters by citing to Merriam Webster's Dictionary definition of "bring" and *Jonathan H. v. The Souderton Area Sch. Dist.*, 562 F.3d 527, 529–30 (3d Cir. 2009). (*See* 9/2/26 Hr'g Tr. at 21:04–09.) DRC argued that these authorities support a more limited reading of "be brought to" as only to "institute legal proceedings" or "authoriz[e] jurisdiction." (*Id.*) While those may be dictionary and statutory definitions, we are unconvinced that the intent of the parties here was to align "be brought to" with them. And the jurisdictional argument only has intuitive appeal if one was to forget who the counterparty to the contract is—Montgomery County. There would be jurisdiction and venue against the County in the Montgomery County Court of Common Pleas whether or not this language existed. 42 Pa. Stat. and Cons. Stat. § 931(a) ("[T]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.").

Circuit have found to waive removal. (*See* 9/2/26 Hr'g Tr. at 21:17–22 (comparing the instant clause with the clause in *Rite Aid Hdqtrs Corp. v. Crayton Landscaping & Bldg. Maint., Inc.*, No. 12cv5775, 2013 WL 3993728 (E.D. Pa. Aug. 6, 2013).)[4] We are not persuaded.

***Second***, DRC points to the language of Paragraph 10(b) as a whole as being a "conditional, multi-step structure," which "negates any inference of a freestanding forum selection clause." (Doc. No. 19 at 11 (cleaned up).) But it is unclear why that matters. The Court's review of the relevant case law has identified no such limitation the Third Circuit has placed on forum selection clauses, and when DRC's counsel was asked at oral argument if he had any support, counsel only directed this court to *Dawes v. Publish Am. LLLP*, 563 F. App'x 117 (3d Cir. 2014), a case cited to in both the reply and sur-reply (*see* Doc. No. 19 at 10–11; Doc. No. 23 at 4). (*See* 9/2/26 Hr'g Tr. at 17:02–18:05.) But *Dawes*, a case where the Third Circuit was analyzing the grant of a motion to dismiss on *forum non conveniens* grounds, only stands for the proposition that a forum selection clause which allows for either a state or federal forum is permissive and not mandatory. 563 F. App'x at 118.

***Third***, DRC points the Court to Paragraph 22(a) of the DebrisTech contract, the choice of law provision, and argues that it is "precise, mandatory, and unambiguous," unlike Paragraph 10(b). (*See* Doc. No. 19 at 12 (citing Paragraph 22(a), which reads, "This Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania, without reference to principles of conflict of laws").) As a preliminary matter, we do not believe that

[4] To be sure, we agree with DRC that the language here is not as intricately and specifically drafted as some other forum selection clauses. *See, e.g.*, *Rite Aid*, 2013 WL 3993728, at *1 (finding waiver based on forum selection clause that states, "Any and all disputes or claims relative to this Agreement shall be negotiated, tried, determined, or otherwise handled and disposed of only in the appropriate state court of the Commonwealth of Pennsylvania"). But it does not logically flow that just because the instant clause puts less verbal emphasis on its mandatory exclusivity, it is rendered a permissive clause. Sometimes less is more.

such a comparison is necessary under a plain meaning analysis. But, even if we did, upon review of both paragraphs, we would find the language in Paragraph 22(a) supports the Court's, not DRC's interpretation. Both Paragraph 22(a) and Paragraph 10(b) begin with the word "shall" and use the passive infinitives "be brought to," "be governed by," or "[be] construed in accordance with." (Doc. No. 1-1 at 146–48.) DRC's response brief claims the distinction is that Paragraph 22(a) uses a "canonical formulation," but this is a distinction without a difference. If Paragraph 22(a) is "precise, mandatory, and unambiguous," so is Paragraph 10(b).[5]

For these reasons, the Court finds that the plain and ordinary meaning of Paragraph 10(b) of DebrisTech and the County's contract mandates litigating any dispute between those parties in only one forum: the Montgomery County Court of Common Pleas.

**B. <u>DRC's Statutory Right to Remove</u>**

Having found that DebrisTech contractually waived its right to remove this action, we move next to whether that contractual waiver also necessarily limits co-Defendant DRC's ability to remove. The procedure for removal is governed by 28 U.S.C. § 1446. And when an action, like this one, is removed based upon diversity jurisdiction, "all defendants who have been properly joined and served ***must*** join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A) (emphasis added). This language is commonly referred to as the "rule of unanimity," and it dates back more than 125 years. *See Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900) ("[I]f a suit arises under the Constitution or laws of the United States,

---

[5] DRC also points to two other sections of Paragraph 22 that it argues "confirm that that the drafters did not intend Paragraph 10(b) to function as a blanket waiver." (Doc. No. 19 at 12.) We continue to be unconvinced by DRC's arguments by negative inference. The two sections discuss how enforcement of one right in the agreement does not preclude other rights or remedies and a failure to insist upon "strict compliance with any provision" also does not constitute a waiver of those rights. (Doc. No. 1-1 at 149.) Simply because one sub-paragraph of a contract includes additional verbiage regarding waiver of rights does not then require us to change the plain meaning of another unrelated paragraph.

or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one . . . .").[6] The Third Circuit has identified only two exceptions to the rule of unanimity: "(1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). But the Third Circuit "has [still] not . . . directly considered a removal/forum selection situation where one or some, but not all, defendants have waived the ability to consent to removal." *Rite Aid*, 2013 WL 3993728, at *3.

Here, the County argues that DebrisTech's consent (Doc. No. 1-3) is legally invalid because they contracted to litigate this action in the Montgomery County Court of Common Pleas. (Doc. No. 15 at 8–9.) The County draws a direct line to *Rite Aid*, where there were two defendants, one of whom had a binding forum selection clause and one who did not. 2013 WL 3993728, at *1–2. Former Chief Judge Goldberg, citing to *Merrill Lynch* and *Foster*, along with two out of circuit district court decisions, found that "one defendant's valid agreement to litigate in state court prevents any other defendants, [even those] who have not agreed to such waiver, from meeting the unanimity requirement." *Id.* at *4. DRC, predictably, disagrees. It argues first that it has a statutory right to remove that cannot be defeated by a contract to which it is not a party. (Doc. No. 19 at 13–15.) It next argues that, notwithstanding DebrisTech's waiver of a

[6] Both in its briefs and at oral argument, DRC repeatedly drew the Court's attention to the 2011 codification of the rule of unanimity at 28 U.S.C. § 1446(b)(2)(A). (*See* Doc. No. 19 at 14 n.1; Doc. No. 23 at 7; 9/2/26 Hr'g Tr. at 14:04–14:02.) Specifically, it argues that the 2011 codification materially changed the rule such that pre-2011 cases "neither control the statutory question presented here nor address the factual circumstances of this case." (Doc. No. 19 at 14 n.1.) But the legislative history that DRC cites states, "[n]ew subparagraph (b)(2)(A) ***codifies the well-established*** 'rule of unanimity' for cases involving multiple defendants. Under that rule, which is generally traced to [*Chicago, Rock Island*], all defendants who have been properly joined and served must join in or consent to removal. ***Like current law***, the new provision is limited to cases removed solely under section 1441(a)." H.R. Rep. No. 112-10, at 13 (emphases added). The Court does not read the legislative history, the language of Section 1446, or any post-2011 case law as supporting DRC's position that the 2011 codification was a material change in the law with respect to the rule of unanimity.

federal forum, that contractual obligation does not directly limit DebrisTech's ability to consent to DRC's removal, and thus *Rite Aid* is either wrong or inapposite. (Doc. No. 19 at 15–17; Doc. No. 23 at 1–2, 6–7.)

We agree with the County and find that DRC's removal here was improper because DebrisTech did not validly consent. As to DRC's first argument, we decline to hold that Section 1446(b)(2)(A) allows consent, even when that consent is not possible. This holding is not a "statutory enlargement," as DRC argues, but it is statutory interpretation. Even Wright & Miller, which DRC cites as support, recognizes that "a defendant can waive their right to remove or consent to removal, in which case securing the consent of all defendants may prove impossible." Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Procedure for Removal—Who May Seek Removal*, 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed., April 2026); *see also Kemper Holdings, LLC v. Am. Int'l Grp. UK Ltd. T/A Lex-London*, No. 20cv1793, 2021 WL 777931, *3 (W.D. Wash. Mar. 1, 2021) (holding that an anti-removal clause precluded consenting to removal because "the intent is the same; allowing the [party] to pick its forum free from the threat of alteration"). And various courts around the Country have added non-textual elements to Section 1446(b)(2)(A) when those elements speak to the intent and meaning of the statutory language. *See, e.g.*, *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) (requiring *written* consent).[7]

As to the second argument, in short, we find *Rite Aid* on point and former Chief Judge Goldberg's analysis persuasive. As we already discussed in Section III.A., the Third Circuit

[7] As discussed briefly at oral argument (9/2/26 Hr'g Tr. at 14:17–21), the Court is also wary of the incentive structure DRC's argument creates. If even invalid consent is allowed under Section 1446, then any defendant with a valid mandatory forum selection clause could potentially join a new party with the sole incentive of having that party remove the case. Thus, eviscerating the purposes of the forum selection clause in the first place. We have significant doubts that Congress intended to create such a loophole in the rule of unanimity in 2011.

does not—like some other circuits—require waiver of a federal forum, or waiver of right to consent to remove, to be "clear and unequivocal" and it may even be implicit. *Foster*, 933 F.2d at 1217 n.15; *Merrill Lynch*, 640 F.3d 545, 548–50. In *Rite Aid*, Judge Goldberg found, like here, "the forum selection clause at issue unambiguously reflects that [one defendant] waived its right to consent to removal, such that it could not remove this case if it were the sole [d]efendant" and that state court was the only proper forum for the dispute. *Rite Aid*, 2013 WL 3993728, at *3. In the instant action, DebrisTech has signed a contract that mandates it bring its disputes not to this Court, but to Montgomery County. (Doc. No. 1-1 at 146.) It is implicit in that agreement that DebrisTech will not then turn around and consent to remove the action from the very court it agreed to litigate in. *See Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013) (finding, even under the higher "clear and unequivocal" standard that "[m]andatory forum selection clauses would lose much of their utility if a party . . . could contract for a venue for any dispute to be exclusively in a state court but, when a dispute arose, could avoid that clause by removing or consenting to remove the dispute from the state venue to federal court"); *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008) (same). We can understand the DRC's position considering their contract with the County is a permissive clause that allows for removal (Doc. No. 1-1 at 78); however, it does not change the fact that there is currently a defendant in this action that has contractually waived litigating in any forum but the Montgomery County Court of Common Pleas.[8]

---

[8] At oral argument, DebrisTech directed the Court's attention to *Shafer ex rel. Shafer v. State Farm Mut. Auto. Ins. Co.*, No. 11cv174, 2012 WL 423436 (W.D. Pa. Feb. 8, 2012), arguing that it supported (1) that forum selection clauses may be unambiguous and yet not "waive[] any removal rights" and (2) "that one party['s contract] could not limit how [a non-]party could respond" to a lawsuit in state court. (9/2/26 Hr'g Tr. at 24:12–22.) But DebrisTech overstates *Shafer* and overlooks that the contract there contained a permissive forum selection clause, that allowed the plaintiffs there to "file a lawsuit, in a state or federal court that has jurisdiction." *Shafer*, 2012 WL 423436, at *2. It may be so that a permissive clause could be unambiguous and not waive or limit party or non-party rights. But that says

So, in sum, and in keeping with the "*constrictive* rather than *expansive* nature of the right of removal," and strictly construing the removal statutes in favor of remand, we find that DebrisTech's contractual waiver of its right to remove legally nullifies its consent here and therefore, DRC's removal was improper. *Foster,* 933 F.2d at 1217 n. 15 (emphases in original); *see also SmithKline Beecham Corp.*, 724 F.3d at 346 (discussing how the removal statute should be strictly construed and all doubts resolved in favor of remand).

## IV. CONCLUSION

For the reasons discussed above, the Court grants the County's Motion to Remand. An appropriate order follows.

---

nothing about the question before the Court here, which is what impact a mandatory forum selection clause may have on the parties' abilities to litigate in certain forums.